UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE CANTU, | |
| Petitioner, | |
| v. | Civil No. 21-cv-796-JPG |
| UNITED STATES OF AMERICA, | Criminal No 19-cr-40066-JPG |
| Respondent. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jesse Cantu's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On July 22, 2020, the petitioner pled guilty to one count of attempted enticement of a minor to engage in activity that would constitute a crime under Illinois law, 720 ILCS 5/11-1.60(d) (aggravated criminal sexual abuse), all in violation of 18 U.S.C. § 2422(b). The charge was based on communications Cantu had with an adult FBI undercover employee ("UCE") posing as a 15-year-old on an online dating application. On October 28, 2020, the Court sentenced the petitioner to serve 120 months in prison. The petitioner did not appeal his sentence.

## I.      § 2255 Motion

In his timely § 2255 motion, Cantu raises claims that his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel in the following ways:

Ground 1:   Counsel failed to challenge the Government's position (1) that it was not necessary for an actual minor to be involved in the crime so long as Cantu *believed* the adult UCE was a minor and (2) that Cantu enticed anyone to engage in "sexual activity for which any person can be charged with a criminal offense" when there was no physical contact. Correct advice from counsel would have led him not to plead guilty and instead go to trial; and

Ground 2:   Counsel advised Cantu he did not have grounds for appeal and failed to file a notice of appeal of the conviction where, as alleged in Ground 1, the elements could not be satisfied as a matter of law.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on his motion.

**II.     Analysis**

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019).

Cantu asserts violations of his Sixth Amendment right to counsel. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011);

*Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill*, 474 U.S. at 59; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458; *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004).

Cantu claims his counsel's performance was deficient because he did not recognize that the statute under which Cantu was convicted—18 U.S.C. § 2422(b)—required that an actual minor be involved.[1] In his case, there was no minor but an adult UCE posing as a minor. However, the law is clear that this crime does not require the actual participation of a minor. The Government only needs to prove that the defendant "acted with the specific intent to commit the underlying crime and that he took a substantial step towards completion of the offense." *United States v. Coté,* 504 F.3d 682, 687 (7th Cir. 2007); *accord United States v. Berg*, 640 F.3d 239, 246 (7th Cir. 2011). "[F]actual impossibility or mistake of fact is not a defense to an attempt charge." *Coté,* 504 F.3d at 687. Thus,

---

[1] 18 U.S.C. § 2422(b) states:
> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

3

it is enough to convict if the defendant *attempted* to entice someone he *believed* was a minor, even if the crime of enticement was a factual impossibility because the person was actually an adult. *United States v. Nagel*, 559 F.3d 756, 764 (7th Cir. 2009) (attempted enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) "does not require an actual minor victim but, rather, only that the defendant believed the victim was a minor.").

Furthermore, Cantu's assertion that both he and the UCE or the minor must have been chargeable with a criminal offense for the attempted underlying sexual activity finds no support in the law. It is not required that the victim also have been charged for the crime so long as "any person"—such as himself—could have been charged.

And the same is true for the factual impossibility of violating the incorporated Illinois statute had the sexual conduct actually occurred.[2] *United States v. Mannava*, 565 F.3d 412, 416 (7th Cir. 2009). So long as Cantu intended to engage in sexual conduct with someone he thought a minor, that conduct would have been a crime had the facts been as he thought they were, and he took a substantial step toward that end. It is irrelevant under federal or Illinois law that the UCE was not actually a minor and that the unlawful sexual conduct did not actually occur.

In light of this well-established law, it is clear that Cantu's counsel was not constitutionally ineffective for failing to argue otherwise or to advise Cantu that this was a valid grounds for appeal. Counsel would have been wrong had he given such advice. Cantu's ineffective assistance of counsel argument has no merit, and the Court accordingly will deny his § 2255 motion. There is no need for

---

[2] 720 ILCS 5/11-1.60(d) states:
> A person commits aggravated criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim.

an evidentiary hearing because "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Cantu has not made such a showing and, accordingly, declines to issue a certificate of appealability.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Cantu's § 2255 motion (Doc. 1), **DECLINES** to issue a certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   April 22, 2022**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**