UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE CANTU, | |
| Petitioner, | |
| v. | Civil No. 21-cv-796-JPG |
| UNITED STATES OF AMERICA, | Criminal No 19-cr-40066-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jesse Cantu's motion to reconsider (Doc. 5) the Court's order and judgment (Docs. 3 & 4) denying his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 motion, Cantu sought to vacate his conviction for attempted enticement of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). He argued that he could not be convicted because the alleged "minor" involved was actually an adult posing as a minor. In light of clear caselaw to the contrary, the Court denied Cantu's § 2255 motion.

The Court construes Cantu's current motion to be a request to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because it was filed less than 28 days after entry of judgment. Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In his motion to reconsider, Cantu challenges the Court's substantive rulings rejecting his argument that counsel was constitutionally ineffective for failing to recognize and advise him that an actual minor must be involved before he could be convicted or to present that meritless argument to the Court. Nothing Cantu says now causes the Court to think that its prior order contained a manifest error of law or fact or that any other justification for reconsideration of its prior conclusions exists with respect to that issue.

He also asks the Court to reconsider the question of whether his counsel was constitutionally ineffective in connection with failing to file a notice of appeal. In his originally petition, he stated his argument like this:

> Defense counsel failed to file a direct appeal to challenge the sentence imposed as excessive for a conviction whose elements could not be satisfied as a matter of

2

> law. . . . Defense counsel, having discussed Cantu's desire to appeal his sentence and conviction, failed to realize or challenge Cantu's misunderstanding in knowingly pleading guilty that he could not reasonably plead guilty to a crime that could not be satisfied for lack of including an essential element namely the involvement of a minor.   Counsel's error is a mistake of law and should have been corrected on his own accord through the direct appeal mechanism.

Pet.'s § 2255 Mot. 6 (Doc. 1 at 5).   He did not expressly state that he had asked counsel to file a notice of appeal and that counsel had refused.   Instead, he focused on counsel's alleged misunderstanding of the issue and allegedly bad advice that there was no meritorious ground for appeal.   The Court therefore considered in its ruling on the § 2255 motion whether counsel's understanding and advice were deficient, and found they were not.

In his motion to reconsider, Cantu expands and/or clarifies his argument.   Now he explicitly says he asked his counsel to file a notice of appeal, and counsel refused.   Pet.'s Mot. Reconsider 2 (Doc. 5 at 2).   It appears the Court may have misunderstood the unstated argument Cantu attempted to raise in his § 2255 motion, and indeed there may have been some language in his motion suggesting such an argument that the Court did not acknowledge.   In these circumstances, the Court finds it advisable to allow Cantu to pursue that argument in favor of § 2255 relief now.

Accordingly, the Court:

- **GRANTS in part** and **DENIES in part** Cantu's motion to alter or amend the judgment (Doc. 5).   The motion is **GRANTED** to the extent it seeks to pursue an argument that counsel was constitutionally ineffective for failing to file a notice of appeal after Cantu timely made such a request.   The motion is **DENIED** in all other respects;

- **VACATES** the judgment (Doc. 4);

- **DIRECTS** the Clerk of Court to **REOPEN** this case; and

- **ORDERS** the Government to file a response to the foregoing argument in petitioner's

3

§ 2255 motion within **THIRTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.   The Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   July 12, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4