UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSE CANTU,

 Petitioner,

  av.

UNITED STATES OF AMERICA,

 Respondent.

Civil No. 21-cv-796-JPG

Criminal No 19-cr-40066-JPG

## MEMORANDUM AND ORDER

 This matter comes before the Court on the Government's motion for an order authorizing petitioner Jesse Cantu's criminal defense attorney, Assistant Federal Public Defender Daniel Cronin, to disclose attorney-client communications (Doc. 11).   Cantu does not object to the motion, although he has clarified that Cronin as well as Assistant Federal Public Defender Judith A. Kuenneke were involved in the relevant events he alleges.   In the absence of any objection from Cantu, the Court will grant the motion to authorize disclosure of attorney-client communications between Cantu and both attorneys relating to issues in this case.

 "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."   *Bittaker v. Woodford,* 331 F.3d 715, 716-17 (9th Cir. 2003) (citing *Wharton v. Calderon,* 127 F.3d 1201, 1203 (9th Cir. 1997); *United States v. Pinson,* 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *Laughner v. United States,* 373 F.2d 326, 327 (5th Cir. 1967)); *In re Lott,* 139 Fed. App'x 658, 660 (6th Cir. 2005) ("In the habeas context, courts have found implied waiver of the attorney-client privilege when the petitioner 'injects into [the]

litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'"; quoting *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001)).

Accordingly, the Court **GRANTS** the Government's motion (Doc. 11) and finds that Cantu's allegations of ineffective assistance of counsel on the part of members of the Federal Defender's Office operate as a waiver of the attorney-client privilege as to matters relevant to the issues in his § 2255 motion.

**IT IS FURTHER ORDERED** that Cronin and Kuenneke and any other members of the Federal Defender's Office who are alleged to have been ineffective in assisting Cronin, are authorized to provide an affidavit addressing Cantu's allegations of ineffective assistance of counsel to the Government's counsel for its use in this case.

Additionally, by separate order the Court will set an evidentiary hearing on the issue of whether counsel was constitutionally ineffective for failing to file a notice of appeal after Cantu timely made such a request.   The Court further finds that the interests of justice require that Cantu be represented by counsel at the hearing but that he is unable to afford counsel.   Accordingly, the Court hereby **ORDERS** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A, Valery Paige Clark Strawn, Law Office of Paige Clark Strawn, P.C., P.O. Box 1643, 1003 Broadway, Mt. Vernon, IL 62864, is **APPOINTED** to represent Cantu for the purposes of the hearing and any subsequent related matters before this Court in this case.

**IT IS SO ORDERED.**
**DATED:   November 8, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
