UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE CANTU,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 21-cv-796-JPG<br><br>Criminal No 19-cr-40066-JPG |

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on petitioner Jesse Cantu's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On July 22, 2020, the petitioner pled guilty to one count of attempted enticement of a minor to engage in activity that would constitute a crime under Illinois law, 720 ILCS 5/11-1.60(d) (aggravated criminal sexual abuse), all in violation of 18 U.S.C. § 2422(b). The charge was based on communications Cantu had with an adult FBI undercover employee posing as a 15-year-old on an online dating application. On October 28, 2020, the Court sentenced the petitioner to serve 120 months in prison. The petitioner did not appeal his sentence.

    In his § 2255 motion, Cantu sought to vacate his conviction on the grounds that he could not be convicted because the alleged "minor" involved was actually an adult posing as a minor. In light of clear caselaw to the contrary, the Court denied Cantu's § 2255 motion.

    When Cantu asked the Court to reconsider its decision, the Court realized that, liberally construed, Cantu's § 2255 motion could also conceivably be read to assert that he asked his counsel to file a notice of appeal, and counsel refused. In these circumstances, the Court vacated the judgment and allowed Cantu to pursue that argument for § 2255 relief. Cantu supplemented his argument with an affidavit describing the circumstances of his request to counsel to file a notice of appeal (Doc. 17).

**I.      Factual Findings.**

The Court held a hearing on February 6, 2023, to address Cantu's additional argument. At the hearing, the following witnesses testified: Assistant Federal Public Defender Daniel G. Cronin, Assistant Federal Public Defender Judith A. Kuenneke, and Deputy United States Marshal Jim Robertson. Cantu declined to testify, instead resting on his sworn statements in his affidavit.

Based on their manner of testifying, the reasonableness of their testimony, and their testimony's consistency with other evidence in the record, the Court finds Cronin, Kuenneke, and Robertson to be credible witnesses. Specifically, the Court finds the following facts based on the testimony from those credible witnesses:

- Cronin represented Cantu during his open guilty plea to the charge. In the open plea, Cantu pled guilty without agreeing to waive his right to appeal. Before Cantu pled guilty, Cronin advised him that he would be able to appeal his sentence because he had not waived that right in a plea agreement.

- Kuenneke filled in for Cronin at Cantu's sentencing on Wednesday, October 28, 2020, because Cronin had a conflict with the sentencing date, which had been advanced at Cantu's request. The hearing was held by videoconference, with each individual appearing via video from a separate location. At the sentencing hearing, the Court advised Cantu of his right to appeal within 14 days of sentencing, and Cantu confirmed that he understood he had that right.

- At the end of the hearing, the Court terminated the videoconference, and Kuenneke had no contact with Cantu after the hearing. Cantu did not request that the Court file a notice of appeal on his behalf at the hearing, never discussed an appeal with Kuenneke, and never told her that he wanted to appeal. After the hearing, Kuenneke emailed Cronin to report on the sentencing hearing.

- Cronin wrote and mailed a letter to Cantu on Monday, November 2, 2020. In the letter, Cronin advised Cantu that it was urgent to call Cronin if Cantu had questions about an appeal or decided he wanted to appeal because the appeal deadline was Wednesday, November 11, 2020. Cronin urged Cantu to call Cronin as soon as possible before the deadline if he wanted to appeal. Cronin mailed the letter and a copy of the minutes of the disposition to Cantu at the Williamson County Jail.

- Cronin's letter was not returned as undeliverable by the postal service. Therefore, it is clear

  that Cantu received the letter at the Williams County Jail, where he was housed until Saturday, November 21, 2020.

- Cantu knew from the Court's advice at his sentencing hearing and from Cronin's letter that he had 14 days from his sentencing to appeal that sentence, but he did not ask Cronin or Kuenneke to file a notice of appeal within that time period or at any other time. Neither Cronin nor the Federal Public Defender's Office received a call from Cantu seeking to request that a notice of appeal be filed. Not having received a call from Cantu or a request from Cantu to file a notice of appeal, Cronin did not file a notice of appeal.

  Cantu's statements in his affidavit contrary these factual findings are not credible because they are inconsistent with the credible testimony and the documentary evidence in the record.

## II. Analysis

  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

  An attorney has "a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Additionally, "when a criminal defendant has made reasonable efforts to contact his lawyer about an appeal during the [14]-day period, his lawyer must make a reasonable effort to reach the client before the time for filing a notice of appeal expires." *Corral v. United States*, 498 F.3d 470, 474 (7th Cir. 2007).

Additionally, an attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

Neither Cronin nor Kuenneke provided assistance that fell below objective standards for reasonably effective representation. Cronin satisfied his duty to consult Cantu about filing a notice of appeal. He discussed with Cantu his right to appeal before the open guilty plea. Just days after Cantu was sentenced, Cronin sent Cantu a letter explaining his right to appeal and advising Cantu of the urgency of contacting Cronin if he wanted to discuss an appeal or wanted to file one. Cronin's performance was not deficient.

Additionally, neither Cronin nor Kuenneke received a call or a request from Cantu to file a notice of appeal. Cantu did not have a meeting with Kuenneke after his sentencing where he claims to have made such a request, Cantu did not call or otherwise attempt to communicate with Cronin about the matter, and Cronin did not ever receive a request from Cantu to appeal his sentence. This was in spite of the Court's informing Cantu of the 14-day appeal period and Cronin's advice about the urgency of the appeal decision. Neither Cronin's not Kuenneke's performance was deficient for failing to file a notice of appeal; Cantu had simply not asked either of them to do so.

As for Kuenneke's performance at the sentencing hearing, in light of Cronin's adequate representation of Cantu both before and after that hearing, including his advice regarding Cantu's right to appeal, Kuenneke's failure to discuss an appeal with Cantu was not deficient or prejudicial.

For these reasons, the Court will deny Cantu's § 2255 motion in its entirety.

### III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).   The Court finds that Cantu has not made such a showing and, accordingly, declines to issue a certificate of appealability.

### IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Cantu's § 2255 motion (Doc. 1), **DECLINES** to issue a certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 8, 2023**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**